UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CYNTHIA ALEXANDRA DIAZ FLOREZ,

Plaintiff,

-versus-

LA RUANA PAISA NY INC, LA RUANA PAISA, ROBERT PEREZ, EVELIN HERNANDEZ, HECTOR PENA, and IVAN CONTRERAS,

Defendant.

**ORDER**

25-CV-5756 (MKB) (CHK)

**CLAY H. KAMINSKY**, United States Magistrate Judge:

After Defendants failed to timely respond to Plaintiff's First Set of Interrogatories and First Set of Requests for Production, the Court held a discovery conference on September 4, 2026, at which it ordered Defendants to respond to those demands, without objection (objections being waived), by September 11, 2026. The Court also invited Plaintiff to file a motion to compel pursuant to Rule 37 in the event that responses were not forthcoming by that date. Defendants subsequently produced a single-page summary document and unsworn interrogatory responses. Plaintiff subsequently filed the instant motion, ECF No. 33, seeking an order (1) compelling the production of documents, (2) compelling interrogatory responses verified under oath, (3) compelling amended answers to Plaintiff's requests for admission ("RFAs"), and (4) seeking an award of reasonable expenses under Fed. R. Civ. P. 37(a)(5).

"Motions to compel made under Rule 37 are left to the sound discretion of the court." *Antolini v. Thurman*, No. 19-CV-9674, 2020 WL 6048784, at *2 (S.D.N.Y. Oct.

13, 2020) (citing *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)). Having reviewed the parties' submissions and the attachments thereto, the Court grants Plaintiff's motion in substantial part, as follows.

First, Defendants' response to Plaintiff's First Set of Requests for Production was woefully insufficient. The single-page summary document that was produced was necessarily derived from underlying records, but Defendants have neither produced those underlying records nor provided an adequate explanation for why they have not done so. **Within seven (7) days of this Order**, Defendants must serve amended responses to Plaintiff's requests for production, subject to privilege but otherwise without objection, stating as to each request whether any responsive material is being withheld. They must also produce the native file of the previously produced summary document, La Ruana 000001, with its metadata and the records from which it was compiled. Each Defendant must also state under oath the sources searched for responsive documents, including the persons and third parties asked, and, as to any category not produced, whether such documents ever existed and, if they no longer exist, when and how they ceased to exist.

Second, Defendants have now verified their interrogatory responses under oath. Plaintiff has identified no other defect in Defendants' interrogatory responses. This part of Plaintiff's motion is therefore moot.

Third, several of Defendants' RFA responses are insufficient. A party "may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it

knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). The required "[r]easonable inquiry includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 43 (S.D.N.Y. 1997) (quoting *Herrera v. Scully*, 143 F.R.D. 545, 548 (S.D.N.Y. 1992)). Defendants' RFA responses 6, 7, 30, 33, and 37 are defective because they purport to deny assertions that they are "unable to verify" but do state that a reasonable inquiry was made. Their RFA response 13 is defective because it evades the question posed. Their RFA responses 14–16 are defective because they deny "upon information and belief" information about the individual Defendants' ownership interests that should be within the individual Defendants' personal knowledge. Each Defendant must answer for himself. *See* Fed. R. Civ. P. 36(a)(3). Defendants must serve amended responses to these RFAs **within seven (7) days of this Order**. If they fail to do so, these RFAs will be deemed admitted. Defendants need not, however, serve an amended response to RFA 41; contrary to Plaintiff's assertion, the Court finds that Defendants' response to this RFA adequately denies that Plaintiff was excluded from any workplace meeting after February 23, 2025.

Fourth, Plaintiff is entitled to certain expenses, including attorney's fees, incurred in making the instant motion, pursuant to Fed. R. Civ. P. 37(a)(5)(A). In particular, the Court finds that it is appropriate to award expenses associated with

briefing on Plaintiff's applications to compel document production, which was granted, and its application to compel sworn interrogatory responses, which were provided after the motion was filed. *See* Fed. R. Civ. P. 37(a)(5)(A). No expenses will be granted with respect to the briefing on the RFAs because Plaintiff was instructed during the September 4, 2026 conference to raise any RFA issue by joint letter motion for an informal discovery conference, which may have avoided the need for formal motion practice on this topic. The parties are directed to meet and confer regarding the amount of Plaintiff's allowed reasonable expenses. If they cannot agree, Plaintiff may make a fee application to the Court, with supporting documentation, **within 14 days of this Order** and Defendants may oppose seven (7) days later. No reply will be accepted.

Finally, given the delay occasioned by this motion practice, discovery will be extended. The parties are directed to confer and to submit a joint letter by **November 30, 2026** proposing a revised schedule for the completion of all discovery.

**SO ORDERED.**

Dated: Brooklyn, New York
November 4, 2026

/s/ Clay H. Kaminsky

Clay H. Kaminsky
United States Magistrate Judge